UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | HONORABLE PAUL CROTTY |
|  : | UNITED STATES DISTRICT COURT |
| Plaintiff,  : |  |
|  : | CRIMINAL NO.: 08-CR-158C |
| -v-  : |  |
|  : |  |
| ANDREW ROSSI,  : |  |
|  : |  |
| Defendant.  : |  |

**FORMAL REPLY BRIEF IN SUPPORT OF PRETRIAL MOTIONS
ON BEHALF OF ANDREW ROSSI**

PICILLO CARUSO POPE
EDELL PICINI, P.C.
60 ROUTE 46 EAST
FAIRFIELD, NEW JERSEY 07004

**PRELIMARY STATEMENT**

A federal grand jury returned a one count indictment against defendant Andrew Rossi. The indictment charges Mr. Rossi with knowingly and intentionally managing and controlling as owner, and/or lessee a place for the purpose of unlawfully storing, distributing and using a controlled substance, in violation of 21 U.S.C. 856 (a) (2). Mr. Rossi has not been indicted on any charges.

Despite the government's efforts to bolster its claim that probable cause exists to support the indictment, it has not presented any evidence that actually serves to support the indictment. Therefore, the indictment must be dismissed.

If the court is not inclined to dismiss the indictment at this time, the government should be required to produce the grand jury minutes, as well as, any additional evidence that government has which would support the indictment. A particular need exists for the disclosure of the grand jury minutes, which overrides any need for secrecy.

## **STATEMENT OF FACTS**

The defendant shall rely upon the Statement of Facts set forth in his original brief in support of the within motion.

### POINT I

**THE GOVERNMENT HAS NOT ESTABLISHED THAT PROBABLE CAUSE EXISTS TO SUBSTANTIATE THE WITHIN INDICTMENT**

_____

The government has failed to establish that probable cause exists to substantiate the within indictment. The lack of evidence to support the indictment requires that it be dismissed.

The government argues in opposition to the within motion that enumerable facts support the indictment. The governments' "facts" are filled with exaggerations, half-truths and completely unfounded allegations. The government argues the following at page 8 of its opposition brief:

> Simply the evidence in defendant's possession pursuant to Rule 16 – without mentioning any other evidence – demonstrates that 1) Rossi leased the storage unit being used as a "conversion" lab in his own name, 2) accessed the lab on multiple occasions and therefore knew what it contained, 3) helped CC-1 attempt to dispose of the steroids and other equipment to avoid law enforcement detection, and 4) laundered the cash proceeds of illegal steroid sales by engaging in structured purchases of money orders to avoid triggering reporting thresholds.

Respectfully, the evidence does not demonstrate any of the above alleged conclusions. Specifically, there has been no evidence that the storage unit at issue was ever used as a "conversion lab" as that term has been defined by the government. Second, there have been no statements by any

eyewitnesses to support the allegation, that Mr. Rossi accessed the "lab", merely an assertion by the government that an eyewitness exists who saw Mr. Rossi at the location. The name of this alleged eyewitness has not been produced. There has been no evidence produced that even suggests Mr. Rossi had any knowledge, actual or inferred, regarding the contents of the storage unit. Last, there is absolutely no evidence whatsoever that Mr. Rossi laundered cash proceeds from steroid sales.

It can only be presumed that the money orders the government is referring to were those the government alleges were obtained by Mr. Rossi and made payable to a software company which designed and maintained the website www.blacklabelpoker.com in which Mr. Rossi was a part owner. On page 6 of the government's brief it states that federal agents confirmed that money orders were made payable to Celare Software, the company that hosted the website. On page 8 of the government's brief these money orders are being used for purposes of money laundering. There is no evidence to support the allegation that those money orders were used by Mr. Rossi to launder money. Mr. Rossi has not been indicted on any charges of conspiracy or money laundering.

Curiously, the "evidence" the government has produced is the statement from Mr. Rossi which the government states at

page 7 of its brief is a "self-serving exculpatory statement". A self-serving exculpatory statement would be inadmissible hearsay at the time of trial.

The government has not produced any eyewitness statements. It has not produced any statements from the individual identified as CC-1. The government has not produced any evidence that Mr. Rossi had any knowledge as to the contents of the storage locker. Most certainly, the government has not produced any evidence to substantiate the claims of conspiracy and money laundering.

The only "evidence" the government has produced is a lease agreement with Mr. Rossi's name for a storage unit and his inadmissible self-serving exculpatory statement. This evidence is not enough to substantiate probable cause for the indictment. The indictment must be dismissed.

## POINT II

**IF THE COURT IS INCLINED NOT TO DISMISS THE INDICTMENT AT THIS TIME, THE GOVERNMENT IN THE ALTERNATIVE MUST BE REQUIRED TO PRODUCE ANY AND ALL OTHER EVIDENCE IT BELIEVES SUBSTANTIATES PROBABLE CAUSE AND PRODUCE A COPY OF THE GRAND JURY MINUTES.**

The government argues in its opposition to the within omnibus motion that the defense is not entitled to the grand jury minutes. The government argues that a particularized need has not been set forth by the defense. Respectfully, if the court is not inclined to dismiss the indictment, a particularized need exists for the disclosure of the grand jury minutes.

Fed. R. Crim. P. 6 permits this court to direct the disclosure of grand jury minutes *sua sponte* or at the request of either party. Fed. R. Crim. P. 6(e)(3)(E). The government argues that a party seeking disclosure of the grand jury minutes must make a strong showing of "particularized need "that outweighs the need for secrecy. See United States v. Eng'g, Inc., 463 U.S. 418, 442-43 (1983). The usual reasons given for grand jury secrecy are as follows:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage

free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 219 n.10 (1979).

Respectfully, reasons 1-4 of the above do not apply in this matter. Reason number 5 is, however, very relevant. Mr. Rossi should be freed from the expense of standing trial where there is no probability of guilt. The government must be forced to disclose the grand jury minutes. As set forth above, the government has not presented evidence sufficient to establish probable cause to support the indictment. Mr. Rossi should not be forced to endure the within proceedings and have the shroud of an indictment hang over him if insufficient proofs exist to support the indictment.

If the government has additional evidence which supports the indictment it should be brought forth at this time. It is insufficient for the government to argue that it has additional information, but not present it. The grand jury minutes must be produced.

## POINT III

**THE GOVERNMENT MUST DECIDE WHETHER THE STATEMENTS MADE BY MR. ROSSI TO THE MONTVALE POLICE ARE INCULPATORY OR EXCULPATORY.**

---

There is only one statement by the defendant at issue in this case, which is the statement Mr. Rossi gave to the Montvale Police Department. The defendant is entitled to have a hearing regarding the suppression of the statement, particularly if the government believes this is a "self-serving exculpatory statement".

Fed. R. Evid 804(b)(3) states in pertinent part:

> A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Presumably at the time of trial, the government wishes to introduce the statement Mr. Rossi gave to the Montvale Police Department. However, in opposition to this motion the government calls the statement a "self-serving exculpatory statement". Such a statement would be hearsay and inadmissible at trial. The defendant is entitled to know whether the statement is viewed as inculpatory or exculpatory. If the government intends to use the statement, pursuant to Fed. R. Evid. 804 a hearing must be held.

## CONCLUSION

For the foregoing reasons and the reasons set forth in defendants original moving papers, it is respectfully requested that Defendant's pre-trial motions be granted in its entirety.

                PICILLO CARUSO POPE
                EDELL PICINI, P.C.
                ATTORNEY FOR ANDREW ROSSI

                BY: /S/Anthony J. Pope, Esq.
                _____
                ANTHONY J. POP, ESQ.

DATED: June 30, 2008

## CONCLUSION

For the foregoing reasons and the reasons set forth in defendants original moving papers, it is respectfully requested that Defendant's pre-trial motions be granted in its entirety.

                PICILLO CARUSO POPE
                EDELL PICINI, P.C.
                ATTORNEY FOR ANDREW ROSSI

                BY: /S/Anthony J. Pope, Esq.
                _____
                ANTHONY J. POP, ESQ.

DATED: June 30, 2008